■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT J. BRUNNER, IV, Appellant.—Judgment unanimously affirmed. Memorandum: The Trial Judge did not err in declining to recuse himself. Defendant does not contend that the Trial Judge violated section 14 of the Judiciary Law, which is the sole statutory authority for disqualification of a Judge. Absent a violation of that statute, bias or prejudice is not a ground for reversal on appeal unless it can be shown to have unjustly affected the result *(Matter of Rotwein,* 291 NY 116, 123; *Matter of Johnson v Hornblass,* 93 AD2d 732, 733; *Matter of Katz v Denzer,* 70 AD2d 548, 549). The record does not reveal any bias or prejudice on the part of the Trial Judge.

We reject defendant's contention that the court erred in considering an uncharged crime in sentencing defendant. It is essential that a sentencing court review the defendant's history. As part of the history, the court may consider offenses for which the defendant was not prosecuted or convicted *(Williams v New York,* 337 US 241, *reh denied* 337 US 961, 338 US 841; *People v Wright,* 104 Misc 2d 911, 920; Annotation, *Court's right in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant,* 96 ALR2d 768; *see also, People v Marrero,* 110 AD2d 785, 786; *People v Whalen,* 99 AD2d 883, 884). (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Callahan, J. P., Boomer, Pine, Lawton and Fallon, JJ.