■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL IRBY, Appellant. [700 NYS2d 714] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered January 6, 1998, convicting him of criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN LABRONE, Appellant. [691 NYS2d 61] —Appeal by the defendant, as limited by his motion, from two sentences of the Supreme Court, Queens County (Schulman, J.), both imposed February 3, 1997, upon his convictions of criminal sale of a controlled substance in the third degree (two counts, one each under Indictment No. 11667/95 and Indictment No. 12005/95), upon his pleas of guilty, the sentences being concurrent indeterminate terms of imprisonment of 5½ to 11 years as a second felony offender.

Ordered that the sentences are reversed, on the law, the adjudication of the defendant as a second felony offender is vacated, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

Since the defendant was not sentenced on the conviction which served as the basis for adjudicating him a second felony offender until after his commission of the instant crime, the court erred in adjudicating him a second felony offender (*see,* Penal Law § 70.06 [1] [b] [ii]; *People v Morse,* 62 NY2d 205; *People v Costa,* 198 AD2d 513). Therefore, we remit the matter to the Supreme Court, Queens County, for resentencing. Mangano, P. J., Bracken, Ritter, Joy and Goldstein, JJ., concur.