■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERI-JO MASSMANN, Appellant. [785 NYS2d 726]—·

Lahtinen, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 13, 2002, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

Defendant lived with her sister, an aunt and a great aunt in the City of Kingston, Ulster County. On November 23, 2001, police received a 911 call and proceeded to that residence, finding the body of defendant's 84-year-old great aunt on the floor in her bedroom. The victim's body had several visible bruises. An autopsy conducted later that day revealed that the victim had died as a result of being strangled. She also had 11 rib fractures as well as injuries to her mouth, neck and head that had been inflicted by blunt trauma near the time of her death. The forensic pathologist concluded that the victim had died on November 22, 2001.

After being informed of her *Miranda* rights, defendant spoke with police and initially denied involvement in the victim's death, but later acknowledged that she had become enraged at the demeaning manner she felt that the victim had been treating her on November 22. She thus commenced punching and kicking the victim, eventually grabbing the victim's throat and choking her. In a subsequent statement, defendant added that her sister had also participated in the assault on the victim. Following her confession, defendant was indicted on two counts of murder in the second degree. She testified at trial, retracting her confession and stating that it was her sister, not her, that perpetrated the assault on the night of the victim's death. Her sister invoked her 5th Amendment privilege when called as a witness at trial. The jury found defendant guilty of the crime of manslaughter in the second degree. She was sentenced to a prison term of 3 to 9 years and now appeals.

Defendant contends that the verdict was not supported by legally sufficient evidence and was against the weight of the ev-

idence. While a confession cannot serve as the sole basis for a conviction (*see* CPL 60.50; *People v Nolan*, 2 AD3d 1221, 1222 [2003]), corroborative proof at trial included the forensic pathologist's testimony that indicated an assault and manner of death consistent with defendant's confession. This proof, viewed in the light most favorable to the People, corroborated the confession and constituted legally sufficient evidence (*see People v Snyder*, 289 AD2d 695, 696 [2001], *lv denied* 97 NY2d 734 [2002]). Moreover, after considering the evidence in a neutral light and weighing the conflicting testimony and inferences that may be drawn therefrom (*see People v Almarez*, 2 AD3d 1151, 1152 [2003], *lv denied* 2 NY3d 761 [2004]), we are unpersuaded that the verdict was against the weight of the evidence. We discern no reason to disregard the credibility determinations of the jury (*see People v Luck*, 294 AD2d 618, 619 [2002], *lv denied* 98 NY2d 699 [2002]).

Defendant argues that her due process and statutory rights were violated at sentencing because a letter that was not included in the presentence report was submitted to County Court from a detective who had worked on the case. "The applicable standard of fairness at sentencing hearings is whether the defendant had an opportunity to refute the aggravating factors which might have negatively influenced the court" (*People v Contompasis*, 108 AD2d 1077, 1079 [1985]; *see People v Perry*, 36 NY2d 114, 119 [1975]; *People v Fernandez*, 248 AD2d 801, 802 [1998]). The presentence report was apparently completed about seven weeks before sentencing and, at that time, although the report had a place for "Arresting Officer's Statement," no such statement had yet been submitted. The report did indicate that "should [an officer's statement] be received prior to sentence pertinent information will be provided to the Court." Thereafter, Detective Gerald Schatzel wrote a letter, a copy of which was ostensibly provided by the District Attorney's office to defendant and the court well before sentencing. Defendant had ample notice of the content of the letter and her primary objection was that it contained hearsay. However, strict rules of evidence do not govern the matters that may be considered by the sentencing court (*see People v Yung*, 162 AD2d 874, 876 [1990], *lv denied* 76 NY2d 992 [1990]; *see also People v Mason*, 299 AD2d 724, 726 [2002], *lv denied* 100 NY2d 564 [2003]). We are not persuaded that reversal and resentencing is required under the circumstances.

Nor are we persuaded by defendant's assertions that County Court failed to give ample weight to her purported history of being abused by her sister and that the sentence should be reduced

in the interest of justice. A sentencing court is afforded considerable discretion in the weight it gives to various factors in reaching its determination of an appropriate sentence (*see People v Farrar*, 52 NY2d 302, 305-306 [1981]; *People v Owens*, 306 AD2d 760, 760 [2003], *lv denied* 1 NY3d 632 [2004]; *People v Ormsby*, 242 AD2d 840, 840-841 [1997], *lv denied* 91 NY2d 895 [1998]). Here, defendant had given several conflicting statements and, thus, the court's decision not to afford much weight to her claim that she had been a victim of abuse was within its discretion. The sentence imposed, which was less than the potential maximum of 5 to 15 years, does not merit reduction in the interest of justice, particularly in light of the violent nature of the fatal assault perpetrated upon the 84-year-old blind victim.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.