■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY BATTHANY, Appellant. [810 NYS2d 261]—

Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered September 7, 2004, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant and a friend went to a bar in the Village of Lake Placid, Essex County, where, after arguing with another patron about some missing money, they were forcibly removed from the bar by police. The two went back to their hotel room and, after defendant broke the leg off a sink, they returned to the bar. Once in the bar, defendant verbally confronted two male patrons and struck each of them with the sink leg, seriously injuring one. Defendant thereafter was charged in an eight-count indictment with various crimes. He pleaded guilty to attempted burglary in the second degree in full satisfaction of the indictment and waived his right to appeal. The waiver, however, did not extend to the sentence and no sentencing promise was made by County Court. After reviewing the presentence investigation report, County Court sentenced defendant to three years in prison to be followed by 1½ years of postrelease supervision. Defendant now appeals.

Defendant contends that County Court should not have relied upon the presentence investigation report in sentencing him as it was filled with inaccuracies and misrepresentations regarding his character and prior criminal acts. The information contained in that report was derived from public records and interviews conducted by the probation officer who prepared it. Notably, defendant was afforded the opportunity at sentencing to raise the very same objections to the report that he raises now, and appears to have done so (see People v Thomas, 2 AD3d 982, 983 [2003], lv denied 1 NY3d 602 [2004]). It was for County Court to consider defendant's arguments and to evaluate the information contained in the report in determining the appropriate sentence. Given defendant's criminal history and the violent nature of the crime to which he pleaded guilty, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Swartz, 23 AD3d 917, 919 [2005]).

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.