■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL HALE, Appellant. [859 NYS2d 838]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered December 21, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). Although defendant failed to preserve for our review his contention that County Court failed to comply with CPL 400.21 in sentencing him as a second felony offender (*see People v Kimmons*, 39 AD3d 1180, 1180-1181 [2007]), we exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). As the People correctly concede, the sentence must be vacated and the matter remitted for resentencing because the court erred in sentencing defendant as a second felony offender without complying with CPL 400.21 (3). The court failed to afford defendant the opportunity to controvert the prior felony conviction, and defendant did not

acknowledge the prior felony conviction during the proceedings (*see People v Cole*, 31 AD3d 1190 [2006]). The People also correctly concede that the court's imposition of a $50 DNA databank fee was illegal (*see* Penal Law § 60.35 [1] [a] [v]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing in compliance with CPL 400.21 and Penal Law § 60.35. In light of our determination, we do not address defendant's challenge to the severity of the sentence.

Contrary to the contention of defendant, the court properly refused to suppress his statements to the police, based on the court's determination that defendant implicitly waived his *Miranda* rights (*see People v Goncalves*, 288 AD2d 883, 884 [2001], *lv denied* 97 NY2d 729 [2002]). The contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel is based on facts outside of the record on appeal and thus is properly the subject of a motion pursuant to CPL article 440 (*see People v Washington*, 39 AD3d 1228, 1230 [2007], *lv denied* 9 NY3d 870 [2007]; *People v Swartz*, 23 AD3d 917, 918 [2005], *lv denied* 6 NY3d 818 [2006]). The remaining contentions of defendant in his pro se supplemental brief are not preserved for our review (*see* CPL 470.05 [2]) and, in any event, they are lacking in merit. Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.