■ The People of the State of New York, Respondent, v Christopher M. Shapard, Appellant. [872 NYS2d 796]—

Appeal from a judgment of the Supreme Court, Erie County

(M. William Boller, A.J.), rendered July 16, 2007. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law § 120.05 [7]). We agree with defendant that his waiver of the presentence report should not have been given effect pursuant to CPL 390.20 (4) (a). Such a waiver is not authorized where, as here, "an indeterminate or determinate sentence of imprisonment is to be imposed" (*id.*). Defendant pleaded guilty to a class D felony and agreed that he was properly classified as a persistent violent felony offender. Supreme Court therefore was required to impose a term of imprisonment upon that conviction (Penal Law § 70.08 [3] [c]; § 120.05 [7]), and thus was also required to order a presentence report prior to imposing the bargained-for sentence (*see generally People v Selikoff*, 35 NY2d 227, 238 [1974], *cert denied* 419 US 1122 [1975]; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 390.20). We therefore modify the judgment by vacating the sentence, and we remit the matter to Supreme Court for resentencing in compliance with CPL 390.20 (1).

In light of our decision, we do not reach defendant's remaining contentions. Present—Centra, J.P., Peradotto, Green and Pine, JJ.