■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BERNELL, Appellant. [896 NYS2d 705]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered January 23, 2009. The judgment convicted defendant, upon his plea of guilty, of promoting prison contraband in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Jefferson County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of promoting prison contraband in the second degree (Penal Law § 205.20 [2]). At sentencing, defendant requested that the sentence run concurrently with the indeterminate sentence he was serving at that time. In denying the request, County Court stated that it was "not authorized by law to make that concurrent. It must be consecutive." In fact, however, the court had the discretion to impose concurrent sentences (*see* § 70.25 [1]; *People v Woodard*, 201 AD2d 896 [1994]). " 'The failure of the court to apprehend the extent of its discretion deprived defendant of the right to be sentenced as provided by law' " (*People v Schafer*, 19 AD3d 1133 [2005]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. In light of our determination, we do not address defendant's challenge to the se-

verity of the sentence. Present—Smith, J.P., Centra, Lindley, Sconiers and Pine, JJ.