■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS I. APONTE, Appellant. [932 NYS2d 627]—

Memorandum: On appeal from a judgment convicting him after a nonjury trial of, inter alia, sexual abuse in the first degree (Penal Law § 130.65 [1]), defendant contends that the conviction is not supported by legally sufficient evidence. Although defendant failed to preserve that contention for our review (see People v Gray, 86 NY2d 10, 19 [1995]), we exercise our power to review that contention with respect to the conviction of sexual abuse in the first degree as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We agree with defendant that the conviction of that crime is not supported by legally sufficient evidence with respect to the element of forcible compulsion (see Penal Law § 130.65 [1]). The victim's testimony that defendant would sometimes threaten that he was "going to ground [her] or . . . hit [her] if [she did not] open the door" was insufficient to establish that defendant "place[d the victim] in fear of immediate death or physical injury" on the specific occasion in question (§ 130.00 [8] [b]). We therefore modify the judgment by reversing that part convicting defendant of sexual abuse in the first degree and dismissing the second count of the indictment.

Viewing the evidence in light of the elements of the remaining crimes of which defendant was convicted in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to those crimes is not

against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his further contention that the indictment failed to indicate specifically when the crimes charged therein allegedly occurred (*see People v Halpin*, 261 AD2d 647, 647 [1999], *lv denied* 93 NY2d 971 [1999]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we reject defendant's contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Fahey, J.P., Carni, Sconiers, Gorski and Martoche, JJ.