■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOTT I. JAMES, Also Known as PIG, Appellant. [937 NYS2d 798]—

We also reject the contention of defendant that he was denied effective assistance of counsel based on the failure of defense counsel to assert defendant's right to testify before the grand jury. Such failure "does not, per se, amount to a denial of effective assistance of counsel under the circumstance of this case" (*People v Wiggins*, 89 NY2d 872, 873 [1996]; *see People v Simmons*, 10 NY3d 946, 949 [2008]). Defendant has not established that "he was prejudiced by the failure of [defense counsel] to effectuate his appearance before the grand jury" or that, "had he testified in the grand jury, the outcome would have been different" (*Simmons*, 10 NY3d at 949). To the extent that defendant contends he was denied effective assistance of counsel when defense counsel allegedly took a position that was adverse to defendant, that contention is based upon matters outside the record on appeal and thus must be raised by way of motion pursuant to CPL article 440 (*see People v Johnson*, 81 AD3d 1428 [2011], *lv denied* 16 NY3d 896 [2011]).

We agree with defendant, however, that his waiver of a new presentence report was invalid pursuant to CPL 390.20 (4) (a) and that the People erred in failing to file a predicate felony statement. Where, as here, "an indeterminate or determinate sentence of imprisonment [was] to be imposed," a waiver of the presentence report was not authorized (CPL 390.20 [4] [a]; *see People v Shapard*, 59 AD3d 1054 [2009]). We further conclude that the People's failure to file a predicate felony statement is not harmless (*cf. People v Bouyea*, 64 NY2d 1140, 1142 [1985]).

In addition, defendant's sentence is illegal insofar as the period of postrelease supervision exceeds three years (*see* Penal Law § 70.45 [2] [d]; § 70.70 [3] [b]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for the filing of a predicate felony statement and resentencing after preparation of a presentence report.

In light of our determination, we do not reach defendant's remaining contention. Present—Scudder, P.J., Fahey, Carni, Sconiers and Martoche, JJ.