# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**31**

**KA 09-01204**

PRESENT: SCUDDER, P.J., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

ELLIOTT I. JAMES, ALSO KNOWN AS PIG,
DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered April 21, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Cattaraugus County Court for the filing of a predicate felony statement and resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant's general motion for a trial order of dismissal failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Hawkins*, 11 NY3d 484, 492; *People v Gray*, 86 NY2d 10, 19) and, in any event, defendant failed to renew that motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *People v Drennan*, 81 AD3d 1279, 1280, *lv denied* 16 NY3d 858, 17 NY3d 816). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We also reject the contention of defendant that he was denied effective assistance of counsel based on the failure of defense counsel to assert defendant's right to testify before the grand jury. Such failure "does not, per se, amount to a denial of effective assistance of counsel under the circumstance of this case" (*People v Wiggins*, 89 NY2d 872, 873; *see People v Simmons*, 10 NY3d 946, 949). Defendant has not established that "he was prejudiced by the failure

of [defense counsel] to effectuate his appearance before the grand jury" or that, "had he testified in the grand jury, the outcome would have been different" (*Simmons*, 10 NY3d at 949). To the extent that defendant contends he was denied effective assistance of counsel when defense counsel allegedly took a position that was adverse to defendant, that contention is based upon matters outside the record on appeal and thus must be raised by way of motion pursuant to CPL article 440 (*see People v Johnson*, 81 AD3d 1428, *lv denied* 16 NY3d 896).

We agree with defendant, however, that his waiver of a new presentence report was invalid pursuant to CPL 390.20 (4) (a) and that the People erred in failing to file a predicate felony statement. Where, as here, "an indeterminate or determinate sentence of imprisonment [was] to be imposed," a waiver of the presentence report was not authorized (CPL 390.20 [4] [a]; *see People v Shapard*, 59 AD3d 1054). We further conclude that the People's failure to file a predicate felony statement is not harmless (*cf. People v Bouyea*, 64 NY2d 1140, 1142).

In addition, defendant's sentence is illegal insofar as the period of postrelease supervision exceeds three years (*see* Penal Law § 70.45 [2] [d]; § 70.70 [3] [b]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for the filing of a predicate felony statement and resentencing after preparation of a presentence report.

In light of our determination, we do not reach defendant's remaining contention.

Entered: February 10, 2012

Frances E. Cafarell
Clerk of the Court