Appeal by the defendant from a judgment of the County *1240 Court, Suffolk County (Iliou, J.), rendered May 12, 2011, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant contends that the sentencing court, during its inquiry into allegations that he violated the conditions of his plea and of his release under the judicial diversion program (see CPL art 216), deprived him of his right to due process when it relied upon unsworn testimony.
Contrary to the People’s contention, the defendant did not validly waive his right to appeal (see People v Bradshaw, 18 NY3d 257 [2011]).
Sentencing is a critical stage of the criminal proceeding and must satisfy the requirements of due process (see People v Fiammegta, 14 NY3d 90, 96 [2010]; People v Outley, 80 NY2d 702, 712 [1993]). In order to comply with due process, the sentencing court must assure itself that the information upon which it bases the sentence is reliable and accurate (see People v Outley, 80 NY2d at 712). “In determining whether a defendant violated a condition of his or her release under the judicial diversion program, the court may conduct a summary hearing consistent with due process and sufficient to satisfy the court that the defendant has, in fact, violated the condition” (CPL 216.05 [9] [b]; see People v Fiammegta, 14 NY3d at 96). Contrary to the defendant’s contention, the sentencing court properly relied upon, inter alia, unsworn testimony in determining that he violated the conditions of his plea and of his release under the judicial diversion program (cf. People v Fiammegta, 14 NY3d at 96).
The defendant’s reliance upon CPL 410.70 (1) and People v Almonte (50 AD3d 696 [2008]) is misplaced, as the County Court did not revoke a sentence of probation. Balkin, J.P., Leventhal, Hall and Cohen, JJ., concur.