# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

172

KA 11-02614

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ROBERT P. BIEGANOWSKI, DEFENDANT-APPELLANT.

---

AMY L. HALLENBECK, FULTON, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (COURTNEY E. PETTIT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered September 19, 2011. The judgment convicted defendant, upon a jury verdict, of rape in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of rape in the second degree (Penal Law § 130.30 [1] [statutory rape]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. The indictment alleged that defendant had sexual intercourse with his 13-year-old niece when she and her brother were visiting his residence on Easter Sunday in 2009. Defendant was 42 years old at the time. Approximately one year after the incident occurred, the victim told a counselor at youth camp what had happened, and the police were then notified. At trial, the victim testified that defendant threw her on the bed and forced himself on her while she screamed for defendant to stop and attempted to fight him off. According to the victim, defendant "reeked" of beer and staggered out of the bedroom after raping her. Defendant's sister testified that the victim, her daughter, had a good relationship with defendant prior to Easter 2009, but had not been to his residence since that time. The physician who examined the victim testified that her hymen had been torn, and the victim testified that she was a virgin when she was raped by defendant. Defendant took the stand in his own defense, testifying that he had no recollection of what happened on the night in question because he was highly intoxicated from a combination of alcohol and medication. Defendant nevertheless denied having attacked the victim, testifying that he never laid a hand on her.

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  The jury credited the testimony of the victim over that of defendant, and the victim's testimony was not incredible as a matter of law, i.e., it was not " 'impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Garafolo*, 44 AD2d 86, 88; *see People v Rumph*, 93 AD3d 1346, 1347, *lv denied* 19 NY3d 967).  Although the victim did not immediately report the crime and waited approximately one year before reporting it, she explained the reason for her delay at trial, thus presenting "a credibility issue for the jury to resolve" (*People v Reynolds*, 81 AD3d 1166, 1167, *lv denied* 16 NY3d 898; *see People v Gathers*, 47 AD3d 959, 960-961, *lv denied* 10 NY3d 863).

We reject defendant's further contention that County Court considered unreliable evidence in determining the sentence, i.e., that defendant gave the victim herpes.  " 'Aside from parameters of punishment defined by the statute which defines the offense, the only real limit to the court's discretion in imposing sentence is the defendant's right to be sentenced on reliable and accurate information' " (*People v Warren*, 100 AD3d 1399, 1403; *see People v Travers*, 95 AD3d 1239, 1240; *see generally People v Outley*, 80 NY2d 702, 712).  "This right, in turn, is protected by the procedural right to a reasonable opportunity to refute the aggravating factors which might have negatively influenced the court" (*Warren*, 100 AD3d at 1403 [internal quotation marks omitted]).

Here, defendant had ample notice prior to sentencing that the victim claimed that defendant gave her herpes and thus could have obtained medical evidence to refute the victim's allegation.  The preplea investigation report twice mentioned that the victim had contracted herpes from defendant, and that report was provided to defendant before sentencing.  Nor did defendant request an adjournment to attempt to procure such evidence.  It was thus for the court "to consider defendant's arguments and to evaluate the information contained in the [presentence] report[s] in determining the appropriate sentence" (*People v Batthany*, 27 AD3d 837, 838).

Finally, we reject defendant's contention that the sentence is unduly harsh and severe, given that the court sentenced defendant to four years in prison, three years less than the maximum punishment allowed, and considering the nature of the offense.  We therefore perceive no basis to modify the sentence as a matter of discretion in the interest of justice.

Entered:  March 22, 2013                          Frances E. Cafarell
                                                  Clerk of the Court