# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**439**

**KA 14-01613**

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                 MEMORANDUM AND ORDER

ELLIOTT I. JAMES, ALSO KNOWN AS PIG,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Cattaraugus County Court (Ronald
D. Ploetz, J.), rendered August 11, 2014. Defendant was resentenced
upon his conviction of criminal possession of a controlled substance
in the third degree.

It is hereby ORDERED that the resentence so appealed from is
unanimously reversed on the law and the matter is remitted to
Cattaraugus County Court for the filing of a new predicate felony
statement and resentencing.

Memorandum: Defendant appeals from a resentence imposed upon his
conviction of criminal possession of a controlled substance in the
third degree (Penal Law § 220.16 [1]; *People v James*, 114 AD3d 1312,
1312; *People v James*, 92 AD3d 1207, 1208-1209, *lv denied* 19 NY3d 962).
We reject defendant's contention that County Court erred in denying
his motion to redact certain information contained in the presentence
report (PSR). The PSR for this resentence omitted allegedly
inaccurate information concerning defendant's criminal history that
had been at issue on his last appeal (*James*, 114 AD3d at 1312), and we
conclude that defendant failed to establish that the information that
remained in dispute was inaccurate (*see People v Rudduck*, 85 AD3d
1557, 1557-1558, *lv denied* 17 NY3d 861; *see also People v Paragallo*,
82 AD3d 1508, 1510). We note that a PSR may properly include hearsay
information and information based on uncharged criminal conduct (*see
People v Massmann*, 13 AD3d 808, 809; *People v Thomas*, 2 AD3d 982, 983-
984, *lv denied* 1 NY3d 602; *People v Brunner*, 182 AD2d 1123, 1123, *lv
denied* 80 NY2d 828; *see generally People v Perry*, 36 NY2d 114, 120).
We further conclude that the court was not required to state expressly
on the record that it found the information at issue to be reliable
(*see generally People v Nicholson*, 26 NY3d 813, 826). Defendant was
afforded a reasonable opportunity to challenge the disputed

information (*see People v Bieganowski*, 104 AD3d 1276, 1277, *lv denied* 21 NY3d 1002; *People v Redman*, 148 AD2d 966, 966, *lv denied* 74 NY2d 745), and the court's handling of his objections satisfied the requirements of due process (*see generally People v Hansen*, 99 NY2d 339, 345-346; *People v Naranjo*, 89 NY2d 1047, 1049).

We agree with defendant, however, that he was improperly resentenced as a second felony drug offender inasmuch as the predicate conviction relied upon, under indictment No. 07-123, was one for which he was not sentenced until after he committed the instant crime (*see* Penal Law §§ 70.06 [1] [b] [ii]; 70.70 [1] [b]; *People v Thompson*, 28 AD3d 498, 498-499; *People v LaBrone*, 261 AD2d 416, 416).  Defendant's contention does not require preservation because it involves the legality of his resentence (*see People v Samms*, 95 NY2d 52, 56-58; *People v Butler*, 96 AD3d 1367, 1368, *lv denied* 20 NY3d 931), and we reject the People's contention that the error may be deemed harmless (*see People v Coffie*, 272 AD2d 870, 871; *cf. People v Bouyea*, 64 NY2d 1140, 1142).  Although the PSR reflects that defendant has at least one other conviction that may render him a predicate felon, the predicate felony statement filed by the People did not include any such convictions, and defendant was not given an opportunity to controvert them, nor did he admit them in open court (*see People v Hale*, 52 AD3d 1177, 1177-1178; *Coffie*, 272 AD2d at 871).  We therefore reverse the resentence, and we remit the matter to County Court for resentencing, to be preceded by the filing of a new predicate felony statement (*see James*, 92 AD3d at 1209; *People v Szarban*, 155 AD2d 999, 999).  Moreover, because defendant had not been sentenced on his conviction under indictment No. 07-123 when he committed this crime, the court will have the discretion upon resentencing to order that the resentence in this case shall run concurrently with the sentence defendant is serving as a result of that conviction (*see generally* § 70.25 [1], [2-a]; *People v Bernell*, 71 AD3d 1516, 1516).

In light of our determination, we do not address defendant's challenge to the severity of the resentence.

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court