Appeal from a resentence of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered August 11, 2014. Defendant was resentenced upon his conviction of criminal possession of a controlled substance in the third degree.
It is hereby ordered that the resentence so appealed from is unanimously reversed on the law and the matter is remitted to Cattaraugus County Court for the filing of a new predicate felony statement and resentencing.
Memorandum: Defendant appeals from a resentence imposed upon his conviction of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]; People v James, 114 AD3d 1312, 1312 [2014]; People v James, 92 AD3d 1207, 1208-1209 [2012], lv denied 19 NY3d 962 [2012]). We reject defendant’s contention that County Court erred in denying his motion to redact certain information contained in the presentence report (PSR). The PSR for this resentence omitted allegedly inaccurate information concerning defendant’s criminal history that had been at issue on his last appeal (James, 114 AD3d at 1312), and we conclude that defendant failed to establish that the information that remained in dispute was inaccurate (see People v Rudduck, 85 AD3d 1557, 1557-1558 [2011], lv denied 17 NY3d 861 [2011]; see also People v Paragallo, 82 AD3d 1508, 1510 [2011]). We note that a PSR may properly include hearsay information and information based on uncharged criminal conduct (see People v Massmann, 13 AD3d 808, 809 [2004]; People v Thomas, 2 AD3d 982, 983-984 [2003], lv denied 1 NY3d 602 [2004]; People v Brunner, 182 AD2d 1123, 1123 [1992], lv denied 80 NY2d 828 [1992]; see generally People v Perry, 36 NY2d 114, 120 [1975]). We further conclude that the court was not required to state expressly on the record that it found the information at issue to be reliable (see generally People v Nicholson, 26 NY3d 813, 826 [2016]). Defendant was afforded a reasonable opportunity to challenge the disputed information (see People v Bieganowski, 104 AD3d 1276, 1277 [2013], lv denied 21 NY3d 1002 [2013]; People v Redman, 148 AD2d 966, 966 [1989], lv denied 74 NY2d 745 [1989]), and the court’s handling of his objections satisfied the requirements of due process (see generally People v Hansen, 99 NY2d 339, 345-346 [2003]; People v Naranjo, 89 NY2d 1047, 1049 [1997]).
*1629 We agree with defendant, however, that he was improperly resentenced as a second felony drug offender inasmuch as the predicate conviction relied upon, under indictment No. 07-123, was one for which he was not sentenced until after he committed the instant crime (see Penal Law §§ 70.06 [1] [b] [ii]; 70.70 [1] [b]; People v Thompson, 28 AD3d 498, 498-499 [2006]; People v LaBrone, 261 AD2d 416, 416 [1999]). Defendant’s contention does not require preservation because it involves the legality of his resentence (see People v Samms, 95 NY2d 52, 56-58 [2000]; People v Butler, 96 AD3d 1367, 1368 [2012], lv denied 20 NY3d 931 [2012]), and we reject the People’s contention that the error may be deemed harmless (see People v Coffie, 272 AD2d 870, 871 [2000]; cf People v Bouyea, 64 NY2d 1140, 1142 [1985]). Although the PSR reflects that defendant has at least one other conviction that may render him a predicate felon, the predicate felony statement filed by the People did not include any such convictions, and defendant was not given an opportunity to controvert them, nor did he admit them in open court (see People v Hale, 52 AD3d 1177, 1177-1178 [2008]; Coffie, 272 AD2d at 871). We therefore reverse the resentence, and we remit the matter to County Court for resentencing, to be preceded by the filing of a new predicate felony statement (see James, 92 AD3d at 1209; People v Szarhan, 155 AD2d 999, 999 [1989]). Moreover, because defendant had not been sentenced on his conviction under indictment No. 07-123 when he committed this crime, the court will have the discretion upon resentencing to order that the resentence in this case shall run concurrently with the sentence defendant is serving as a result of that conviction (see generally Penal Law § 70.25 [1], [2-a]; People v Bernell, 71 AD3d 1516, 1516 [2010]).
In light of our determination, we do not address defendant’s challenge to the severity of the resentence.
Present — Whalen, P.J., Carni, NeMoyer, Troutman and Scudder, JJ.