People v Antonio J. (2019 NY Slip Op 04826)





People v Antonio J.


2019 NY Slip Op 04826


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


316 KA 17-00183

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTONIO J., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from an adjudication of the Erie County Court (Kenneth F. Case, J.), rendered September 9, 2016. Defendant was adjudicated a youthful offender upon his plea of guilty to robbery in the first degree. 
It is hereby ORDERED that the adjudication so appealed from is unanimously modified on the law by vacating the surcharge, crime victim assistance fee, and sentence, and as modified the adjudication is affirmed, and the matter is remitted to Erie County Court for resentencing.
Memorandum: In appeal No. 1, defendant appeals from a youthful offender adjudication based upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]) and, in appeal No. 2, he appeals from a youthful offender adjudication based upon his plea of guilty of robbery in the second degree (§ 160.10 [2] [b]). On each adjudication, County Court imposed an indeterminate sentence of 1 to 3 years, a surcharge, and a crime victim assistance fee. The court also ordered the sentence imposed in the adjudication in appeal No. 2 to run consecutively to the sentence imposed in the adjudication in appeal No. 1.
We reject the contention of defendant in appeal No. 1 that the waiver of the right to appeal is invalid on the ground that the court failed to inform him specifically that his general waiver of the right to appeal encompassed the court's suppression rulings (see People v Brand, 112 AD3d 1320, 1321 [4th Dept 2013], lv denied 23 NY3d 961 [2014]; see also People v Joubert, 158 AD3d 1314, 1315 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]; see generally People v Kemp, 94 NY2d 831, 833 [1999]). Contrary to defendant's contention, his valid waiver encompasses his challenges to those rulings (see Kemp, 94 NY2d at 833).
The People correctly concede in each appeal that the surcharge and crime victim assistance fee must be vacated because defendant is a juvenile offender (see People v Dennis R., 159 AD3d 1444, 1444 [4th Dept 2018], lv denied 31 NY3d 1080 [2018]; see also Penal Law §§ 60.00 [2]; 60.10; People v Sanchez, 165 AD3d 1623, 1624 [4th Dept 2018]; People v Stump, 100 AD3d 1457, 1458 [4th Dept 2012], lv denied 20 NY3d 1104 [2013]). We therefore modify the adjudication in each appeal accordingly.
The People further correctly concede in each appeal that the aggregate duration of the two consecutive sentences, i.e., 2 to 6 years, is illegal (see Penal Law §§ 60.02 [2]; 70.00 [2] [e]; [3] [b]; People v Christopher P., 136 AD3d 481, 482 [1st Dept 2016]; People v Jorge N.T., 70 AD3d 1456, 1457-1458 [4th Dept 2010], lv denied 14 NY3d 889 [2010]; People v Christopher T., 48 AD3d 1131, 1132 [4th Dept 2008]), and that defendant's challenge to the illegal sentence in each appeal survives his waiver of his right to appeal and does not require preservation (see People v Davis, 115 AD3d 1239, 1239 [4th Dept 2014]). We therefore further modify the adjudication in each appeal by vacating the sentence, and we remit the matter to County Court for [*2]resentencing on both adjudications (see generally People v Slattery, 81 AD3d 1415, 1416 [4th Dept 2011]; People v Bernell, 71 AD3d 1516, 1516 [4th Dept 2010]).
Finally, we note that the certificate of conviction incorrectly states that the duration of the order of protection issued in the adjudication in appeal No. 1 is eight years, and it must therefore be amended to reflect the duration of seven years, as recited by the court at the time of sentencing and as set forth in the order of protection itself (see generally People v Meza, 141 AD3d 1110, 1110 [4th Dept 2016], lv denied 28 NY3d 934 [2016]; People v Saxton, 32 AD3d 1286, 1286-1287 [4th Dept 2006]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court