People v Ekiert (2024 NY Slip Op 05702)

People v Ekiert

2024 NY Slip Op 05702

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND HANNAH, JJ.

721 KA 23-00692

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON EKIERT, DEFENDANT-APPELLANT. 

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Karen Bailey Turner, J.), rendered December 14, 2022. The judgment convicted defendant after a nonjury trial of criminal sexual act in the second degree (two counts), sexual abuse in the third degree and criminal sexual act in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of criminal sexual act in the second degree (Penal Law former § 130.45 [1]), one count of sexual abuse in the third degree (§ 130.55), and one count of criminal sexual act in the third degree (former § 130.40 [2]). We reject defendant's contention that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although an acquittal would not have been unreasonable, it cannot be said that County Court failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). " 'In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference' " (People v McCoy, 100 AD3d 1422, 1422 [4th Dept 2012]). Here, although there were some inconsistencies in the victim's testimony, we conclude that "[t]he victim's testimony was not 'so inconsistent or unbelievable as to render it incredible as a matter of law' " (People v Lewis, 129 AD3d 1546, 1548 [4th Dept 2015], lv denied 26 NY3d 969 [2015]; see People v Ptak, 37 AD3d 1081, 1082 [4th Dept 2007], lv denied 8 NY3d 949 [2007]) and that there is no basis for disturbing the court's credibility determinations in this case. Although the court acquitted defendant of some charges in the indictment, the court was entitled to credit some parts of the victim's testimony while rejecting others (see People v Toft, 156 AD3d 1234, 1235 [3d Dept 2017]; People v Jemes, 132 AD3d 1361, 1362 [4th Dept 2015], lv denied 26 NY3d 1110 [2016]).
To the extent that defendant contends that he was convicted on the basis of an uncharged theory of guilt, that contention is not preserved for our review (see People v Abdullah, 194 AD3d 1346, 1347 [4th Dept 2021], lv denied 37 NY3d 990 [2021]; People v Hursh, 191 AD3d 1453, 1454 [4th Dept 2021], lv denied 37 NY3d 957 [2021]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant contends that the sentence is unduly harsh and severe and that the court took into account improper sentencing factors when sentencing him. Contrary to defendant's contention, the court properly considered uncharged criminal conduct to the extent that it found the information reliable and accurate (see People v Bratcher, 291 AD2d 878, 879 [4th Dept 2002], lv denied 98 NY2d 673 [2002]; People v Brunner, 182 AD2d 1123, 1123 [4th Dept 1992], lv denied 80 NY2d 828 [1992]; see also People v James, 140 AD3d 1628, 1628 [4th Dept 2016]; [*2]see generally People v Outley, 80 NY2d 702, 712 [1993]). The court also did not err in considering statements defendant made to the police that had been suppressed (see People v Brown, 281 AD2d 700, 702 [3d Dept 2001], lv denied 96 NY2d 826 [2001]; People v Mancini, 239 AD2d 436, 436 [2d Dept 1997], lv denied 90 NY2d 907 [1997]; see also People v Estenson, 101 AD2d 687, 687 [4th Dept 1984]). The sentence is not unduly harsh or severe.
We have considered defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court