People v Harrell (2025 NY Slip Op 00774)

People v Harrell

2025 NY Slip Op 00774

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

938 KA 23-00418

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TREVOR D. HARRELL, DEFENDANT-APPELLANT. 

RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered November 21, 2022. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (three counts), rape in the second degree (eight counts), rape in the third degree (eight counts) and sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of predatory sexual assault against a child under count 3 of the indictment and dismissing that count, and as modified the judgment is affirmed.
Memorandum: In this prosecution arising from allegations that defendant engaged in a years-long sexual relationship with an underage female victim with whose family he often resided, defendant appeals from a judgment convicting him, upon a jury verdict, of three counts of predatory sexual assault against a child (Penal Law former § 130.96), eight counts of rape in the second degree (former § 130.30 [1]), eight counts of rape in the third degree (former § 130.25 [2]), and one count of sexual abuse in the first degree (§ 130.65 [2]).
Defendant failed to preserve for our review his contention that the first and third counts of the indictment, each charging him with predatory sexual assault against a child, were multiplicitous (see CPL 470.05 [2]; People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]; People v Box, 145 AD3d 1510, 1513 [4th Dept 2016], lv denied 29 NY3d 1076 [2017]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Slishevsky, 97 AD3d 1148, 1151 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]; People v Brandel, 306 AD2d 860, 860-861 [4th Dept 2003]).
Defendant further contends that the indictment was defective with respect to the counts charging him with rape in the second and third degrees because it lacked sufficient specificity regarding the time frames of those alleged crimes to enable him to prepare a defense. Defendant failed to preserve that contention for our review (see CPL 470.05 [2]; People v Angona, 119 AD3d 1406, 1407 [4th Dept 2014], lv denied 25 NY3d 987 [2015]; People v Erle, 83 AD3d 1442, 1443 [4th Dept 2011], lv denied 17 NY3d 794 [2011]; see generally People v Soto, 44 NY2d 683, 684 [1978]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Andrews, 210 AD3d 1429, 1430 [4th Dept 2022]; People v Aponte, 89 AD3d 1429, 1430 [4th Dept 2011], lv denied 18 NY3d 955 [2012]).
Next, defendant contends that he was denied effective assistance of counsel due to a single alleged error during jury selection, namely, that defense counsel purportedly diminished the People's burden of proof. We reject that contention. Where, as here, the claim is based on one alleged misstep during jury selection, "defendant can prevail on his ineffective assistance [*2]claim only by showing that this is one of those very rare cases in which a single error by otherwise competent counsel was so serious that it deprived defendant of his constitutional right" (People v Thompson, 21 NY3d 555, 559 [2013]; see People v Piasta, 207 AD3d 1054, 1055 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]; People v Sherman, 182 AD3d 987, 987-988 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]). The record establishes that, while defense counsel made a fleeting reference during voir dire to his ability to prove defendant's innocence, he immediately thereafter articulated that defendant remained innocent until the People proved his guilt beyond a reasonable doubt, and we thus conclude that "[defense] counsel's mistake, if it was one, was not the sort of 'egregious and prejudicial' error that amounts to a deprivation of the constitutional right to counsel" (Thompson, 21 NY3d at 561; see Sherman, 182 AD3d at 987-988).
We reject defendant's further contention that County Court erred in admitting in evidence at trial a screenshot of an email sent from defendant's account. Contrary to defendant's assertion, the People laid a proper foundation for the admission of that evidence (see People v Rodriguez, 38 NY3d 151, 154-155 [2022]; People v Byrd, 214 AD3d 1321, 1323 [4th Dept 2023], lv denied 40 NY3d 927 [2023]; People v Mencel, 206 AD3d 1550, 1552 [4th Dept 2022], lv denied 38 NY3d 1152 [2022]). Moreover, contrary to defendant's assertion, the email was not inadmissible on relevancy grounds. "Evidence is relevant if it has any tendency in reason to prove the existence of any material fact" and, here, the email could reasonably be interpreted as containing admissions by defendant that he had a sexual relationship with the victim (People v Scarola, 71 NY2d 769, 777 [1988]). Defendant's additional assertion that the court erred in admitting the email on the ground that its prejudicial effect outweighed its probative value is not preserved for our review inasmuch as that ground differs from those raised before the trial court (see People v Cullen, 110 AD3d 1474, 1475 [4th Dept 2013], affd 24 NY3d 1014 [2014]; People v Turner, 197 AD3d 997, 998-999 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]). In any event, defendant's assertion lacks merit because the probative value of the email was not outweighed by the danger of unfair prejudice to defendant (see People v Graham, 174 AD3d 1486, 1488 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]; see generally Scarola, 71 NY2d at 777).
Defendant also contends, and the People correctly concede, that the evidence is legally insufficient to support the conviction of predatory sexual assault against a child under the third count of the indictment. Although defendant failed to preserve that contention for our review (see CPL 470.05 [2]; People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Gray, 86 NY2d 10, 19 [1995]; cf. People v Prado, 4 NY3d 725, 726 [2004]), we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Rath, 192 AD3d 1600, 1602 [4th Dept 2021], lv denied 37 NY3d 959 [2021]). As relevant here, a person is guilty of predatory sexual assault against a child "when, being [18] years old or more, he . . . commits the crime of rape in the first degree . . . and the victim is less than [13] years old" (Penal Law § 130.96; see former § 130.35 [4]). Although the victim initially testified in unspecific terms that defendant had sexual intercourse with her on the night before she turned 13 years old, she later admitted that there was no clock in the bedroom where the incident occurred, that she was "not absolutely sure" and did not "know for a fact" whether the sexual intercourse occurred before midnight, and that she was "not positive what time it was" when the sexual intercourse occurred. Given the victim's own doubt about when the subject incident occurred and the lack of any other evidence that the incident occurred within the requisite time frame (see generally Matter of Ellingham v Morton, 116 AD2d 1032, 1033 [4th Dept 1986], lv denied 67 NY2d 607 [1986]), we conclude that, viewing the evidence in the light most favorable to the People, there is no valid line of reasoning and permissible inferences from which a rational jury could have found that the People proved beyond a reasonable doubt the elements of predatory sexual assault against a child as alleged in the third count of the indictment (see People v Partridge, 173 AD3d 1769, 1770-1771 [4th Dept 2019], lv denied 34 NY3d 935 [2019]; see generally People v Danielson, 9 NY3d 342, 349 [2007]). We thus modify the judgment by reversing the conviction of predatory sexual assault against a child under the third count of the indictment and dismissing that count.
Contrary to defendant's further contention, although "a different verdict would not have been unreasonable inasmuch as this case rests largely on the jury's credibility findings with respect to the testimony of the victim" and the People's other witnesses (People v Zeitz, 148 AD3d 1636, 1637 [4th Dept 2017], lv denied 29 NY3d 1089 [2017] [internal quotation marks [*3]omitted]), we nevertheless conclude that, upon viewing the evidence in light of the elements of the remaining crimes as charged to the jury (see Danielson, 9 NY3d at 349), the verdict with respect to those crimes is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although the victim and the People's other witnesses did not immediately report the crimes, they "explained the reason[s] for [the] delay at trial, thus presenting 'a credibility issue for the jury to resolve' " (People v Bieganowski, 104 AD3d 1276, 1277 [4th Dept 2013], lv denied 21 NY3d 1002 [2013]; see People v Olson, 110 AD3d 1373, 1373-1375 [3d Dept 2013], lv denied 23 NY3d 1023 [2014]). Contrary to defendant's assertion, "[t]he jury was entitled to credit the testimony of the People's witnesses, including that of the victim, over the testimony of defendant[ ]," and we perceive no reason to disturb those credibility determinations (People v Tetro, 175 AD3d 1784, 1788 [4th Dept 2019]; see Olson, 110 AD3d at 1373-1375; Bieganowski, 104 AD3d at 1276-1277).
Finally, we conclude that the sentence imposed on the remaining counts is not unduly harsh or severe.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court