■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMOS KEITH, Appellant. [804 NYS2d 206]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 21, 2003. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, after a nonjury trial, of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]), defendant contends that Supreme Court erred in refusing to suppress statements made by defendant to an inmate. The record does not support defendant's contention that the inmate was an agent of the police, and thus we conclude that the court properly refused to suppress the statements at issue. Indeed, the record establishes that the police did not solicit the aid of the inmate and that the inmate provided the information on his own initiative. In addition, the record establishes that the police did not promise the inmate any benefit in exchange for the information and that their role was limited to the passive receipt of the information. Thus, as the court properly determined, the inmate was not an agent of the police (*see People v Cardona*, 41 NY2d 333, 335 [1977]; *People v Smith*, 2 AD3d 1431, 1433 [2003], *lv denied* 2 NY3d 806 [2004]; *People v Burton*, 226 AD2d 1073 [1996], *lv denied* 88 NY2d 934 [1996]; *People v Restivo*, 210 AD2d 964, 965 [1994], *lv denied* 85 NY2d 942 [1995]; *cf. People v Eberle*, 265 AD2d 881, 882-883 [1999]).

We also reject defendant's contention that the pretrial identification procedures were unduly suggestive and thus that the court erred in refusing to suppress the victim's in-court identification of defendant. We agree with the court that neither the photo array itself nor the manner in which it was exhibited to the victim was unduly suggestive (*see generally People v Hyde*, 240 AD2d 849, 850-851 [1997], *lv denied* 91 NY2d 874 [1997]; *People v Hoehne*, 203 AD2d 480 [1994], *lv denied* 83 NY2d 967 [1994]; *People v Hall*, 177 AD2d 951 [1991], *lv denied* 79 NY2d 948 [1992]). We further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and that the sentence is not unduly harsh or severe. "[D]efendant's specifications of ineffective assistance concern matters outside the record and thus must be raised by way of a CPL article 440 motion" (*People v Hilken*, 6 AD3d 1109, 1110 [2004], *lv denied* 3 NY3d 641 [2004]; *see People*

*v Jackson*, 4 AD3d 773 [2004], *lv denied* 2 NY3d 801 [2004]; *People v Nicholson*, 269 AD2d 868, 869 [2000], *lv denied* 95 NY2d 907 [2000]).

We have considered the remaining contentions of defendant, including those raised in the pro se supplemental brief, and we conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Lawton, JJ.