# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

154

KA 09-01375

PRESENT: SMITH, J.P., CARNI, SCONIERS, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LESLIE JOHNSON, DEFENDANT-APPELLANT.

---

BIANCO LAW OFFICE, SYRACUSE (RANDI JUDA BIANCO OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered July 1, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating that part convicting defendant of assault in the second degree and dismissing that count of the superseding indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting her upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]) and assault in the second degree (§ 120.05 [2]), defendant contends that she was denied effective assistance of counsel. Several of the alleged instances of ineffective assistance specified by defendant, e.g., that she was not properly advised of the pretrial plea offer and that her attorney did not conduct a proper investigation, are based on matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (*see People v Miller*, 59 AD3d 1124, 1125, *lv denied* 12 NY3d 819; *People v Keith*, 23 AD3d 1133, 1134-1135, *lv denied* 6 NY3d 815). We reject defendant's contention with respect to the remaining instances of alleged ineffective assistance. Insofar as defendant contends that she was denied effective assistance of counsel based on the failure of defense counsel to make certain suppression motions, we note that defendant failed to demonstrate that any such motions would have been successful. It is well settled that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152; *see People v Pringle*, 71 AD3d 1450, 1451, *lv denied* 15 NY3d 777). We have reviewed the remaining instances of alleged ineffective assistance set forth by

defendant and conclude that she received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

We agree with defendant, however, that assault in the second degree (Penal Law § 120.05 [2]) is a lesser included offense of assault in the first degree (§ 120.10 [1]) "and therefore should have been considered only in the alternative as an inclusory concurrent count of assault in the first degree" (*People v Flecha*, 43 AD3d 1385, 1386, *lv denied* 9 NY3d 990; *see* CPL 300.30 [4]).  We thus modify the judgment accordingly.  We have considered defendant's remaining contentions and conclude that none requires reversal.

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court