# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1608**

**KA 07-01907**

PRESENT: MARTOCHE, J.P., FAHEY, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

ERIC D. HILL, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC D. HILL, DEFENDANT-APPELLANT PRO SE.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered July 19, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1]). The contention of defendant that he was deprived of a fair trial by prosecutorial misconduct on summation is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, that contention is without merit. The alleged instances of prosecutorial misconduct were "either a fair response to defense counsel's summation or fair comment on the evidence" (*People v Anderson*, 52 AD3d 1320, 1321, *lv denied* 11 NY3d 733).

We reject the contention of defendant in his main and pro se supplemental briefs that he was denied effective assistance of counsel. Defendant was arrested in Alabama more than one year after the murders. The record does not contain any evidence of an " 'innocent explanation' " for defendant's presence in Alabama at that time (*People v Solimini*, 69 AD3d 657, 658, *lv denied* 14 NY3d 893). Contrary to the contention of defendant, we conclude that defense counsel's failure to request a jury charge regarding consciousness of guilt based upon defendant's flight was a valid tactical decision to avoid unnecessarily focusing the attention of the jury on defendant's travel to Alabama following the murders (*see* CJI2d [NY] Consciousness of Guilt; *see generally People v Peake*, 14 AD3d 936, 937-938).

Defendant was not denied effective assistance of counsel based on defense counsel's failure to object to the allegedly improper comments by the prosecutor on summation inasmuch as those comments did not constitute prosecutorial misconduct (*see generally People v Caban*, 5 NY3d 143, 152).  With respect to the alleged ineffective assistance of defense counsel in cross-examining the eyewitness and in stipulating to the admission in evidence of an autopsy photograph of one of the victims for the limited purpose of identifying him, we conclude that, when viewed as a whole, defense counsel's efforts reflect "a reasonable and legitimate strategy under the circumstances and evidence presented" (*People v Benevento*, 91 NY2d 708, 713).  We therefore conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147; *People v Workman*, 277 AD2d 1029, 1032, *lv denied* 96 NY2d 764).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we also reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject the further contention of defendant in his pro se supplemental brief that he was denied the right to be present at a critical stage of the proceedings, i.e., a discussion between the prosecutor and the court with respect to the prosecutor's intention to compel defendant to show his gold teeth to the jury (*cf. People v Dokes*, 79 NY2d 656, 662).  The Fifth Amendment privilege against self-incrimination does not preclude a defendant from being required to reveal the physical characteristics of his or her body (*see People v Havrish*, 8 NY3d 389, 393, *cert denied* 552 US 886; *People v Slavin*, 1 NY3d 392, 398, *cert denied* 543 US 818), nor is there any requirement that the prosecutor provide defendant with pretrial notice of the intent to use such evidence (*see People v Holmes*, 304 AD2d 1043, 1044, *lv denied* 100 NY2d 642).  Thus, the discussion between the prosecutor and the court regarding that issue was "not only noncritical[] but, as a matter of law, unnecessary" (*People v Contreras*, 12 NY3d 268, 273).

We also reject the contention of defendant in his pro se supplemental brief that he was denied a fair trial by the admission in evidence of certain autopsy photographs of the murder victims.  "The general rule is that photographs of the deceased are admissible if they tend to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence[] or to corroborate or disprove some other evidence offered or to be offered" (*People v Pobliner*, 32 NY2d 356, 369, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905).  "Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (*id*. at 370), and that is not the case here.  "[T]he [two] photographs at issue were relevant to prove the identity of the murder victim[s] . . ., and thus the court did not abuse its discretion in admitting the photographs in evidence" (*People v Jones*, 43 AD3d 1296,

1298, *lv denied* 9 NY3d 991, 10 NY3d 812).

Entered:  March 25, 2011                Patricia L. Morgan
                                        Clerk of the Court