# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1127**
**KA 10-00816**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WELDON YOUNG, DEFENDANT-APPELLANT.

---

WAYNE C. FELLE, P.C., WILLIAMSVILLE (WAYNE C. FELLE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered February 19, 2010. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention, Supreme Court properly determined, following a *Cardona* hearing (*see People v Cardona*, 41 NY2d 333), that a prosecution witness was not an agent of the prosecution when he obtained incriminating information from defendant with respect to the victim's death. Although the witness had testified in three prior trials after advising the prosecution, while he was incarcerated, that he had information about those respective crimes (*see id.* at 335), the record supports the court's determination that the prosecution did not seek information from the witness, but instead passively received the information the day before the trial began (*see People v Davis*, 38 AD3d 1170, 1171, *lv denied* 9 NY3d 842, *cert denied* 552 US 1065; *People v Keith*, 23 AD3d 1133, 1134, *lv denied* 6 NY3d 815). We reject defendant's further contention that the prosecution suborned perjury with respect to the testimony of that witness (*see generally People v Casillas*, 289 AD2d 1063, 1064, *lv denied* 97 NY2d 752). Although we agree with defendant that the credibility of the witness was challenged with taped telephone calls from the witness to an acquaintance of the victim that were admitted in evidence during defendant's cross-examination of the witness, we nevertheless conclude that the record does not support a determination that the People knowingly presented false testimony (*see generally People v Dwyer*, 234 AD2d 942, 943). Rather, the credibility of the

witness was properly an issue for the jury, which had the opportunity to hear his testimony and the taped telephone calls (*see generally People v Bleakley*, 69 NY2d 490, 495).

By failing to object during summation, defendant failed to preserve for our review his further contention that the prosecutor committed reversible error by vouching for the credibility of the witness during summation (*see* CPL 470.05 [2]; *People v Hill*, 82 AD3d 1715, 1715, *lv denied* 17 NY3d 806).  In any event, we conclude that the prosecutor's remarks were a fair response to defendant's summation, which attacked the credibility of the witness (*see People v Foster*, 59 AD3d 1008, 1009, *lv denied* 12 NY3d 816), and a fair comment on the evidence (*see Hill*, 82 AD3d at 1715).

Entered:  November 9, 2012                        Frances E. Cafarell
                                                   Clerk of the Court