Memorandum: On appeal from a judgment convicting her upon her plea of guilty of vehicular manslaughter in the first degree (Penal Law § 125.13 [1]) and vehicular assault in the first degree (§ 120.04 [1]), defendant contends that her sentence is unduly harsh and severe. We reject that contention. We note as an initial matter that defendant’s waiver of the right to appeal does not encompass her challenge to the severity of the sentence because she purportedly waived her right to appeal before County Court advised her of the maximum sentence she could receive (see People v Farrell, 71 AD3d 1507, 1507 [2010], lv denied 15 NY3d 804 [2010]; People v Rizek [appeal No. 1], 64 AD3d 1180 [2009], lv denied 13 NY3d 862 [2009]). Nevertheless, we reject defendant’s challenge to the severity of the sentence.
Defendant further contends that she received ineffective assistance of counsel. To the extent that such contention survives her plea of guilty and waiver of the right to appeal (see People v Gimenez, 59 AD3d 1088, 1089 [2009], lv denied 12 NY3d 816 [2009]), it is not properly before us because it involves matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (see People v Johnson, 81 AD3d 1428, 1428 [2011], lv denied 16 NY3d 896 [2011]). Present — Scudder, P.J., Centra, Fahey, Carni and Valentino, JJ.