# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**733**

**KA 11-01377**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TERRENCE M. DEARMYER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered May 2, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends that his waiver of the right to appeal is unenforceable and that his sentence is unduly harsh and severe. As the People correctly concede, defendant's waiver of the right to appeal does not encompass his challenge to the severity of the sentence because his purported waiver of the right to appeal occurred before Supreme Court advised him of the maximum sentence he could receive (*see People v Monaghan*, 101 AD3d 1686, 1686; *People v Farrell*, 71 AD3d 1507, 1507, *lv denied* 15 NY3d 804). Nevertheless, we conclude that the sentence is not unduly harsh or severe. Although defendant faced a maximum sentence of seven years' imprisonment (*see* Penal Law 70.06 [6] [c]), the court sentenced him to 4½ years' imprisonment, which was only 1½ years more than the minimum sentence permitted by law. We note that, according to the presentence investigation report, defendant "failed to take any responsibility for the present offense and showed no remorse" for the injuries he inflicted upon the victim. We also note that defendant had been sentenced to probation on a prior felony conviction, but violated the conditions of probation and was resentenced to a term of incarceration. Under the circumstances, we perceive no basis for modifying defendant's sentence as a matter of discretion in the

interest of justice (*see* CPL 470.15 [6] [b]).