# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**24**

**KA 12-00040**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHAUN BLACK, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered November 16, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that the evidence is legally insufficient to establish that he constructively possessed the weapon. Where, as here, "there is no evidence that defendant actually possessed the [weapon], the People must establish that defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband [was] found or over the person from whom the contraband [was] seized" (*People v Pichardo*, 34 AD3d 1223, 1224, *lv denied* 8 NY3d 926 [internal quotation marks omitted]; *see People v Manini*, 79 NY2d 561, 573; *see also* § 10.00 [8]). Here, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678; *People v Williams*, 84 NY2d 925, 926), is legally sufficient to establish that defendant constructively possessed the subject weapon (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's further contention that he was deprived of a fair trial by prosecutorial misconduct based on two comments made by the prosecutor on summation. When defendant objected to the first comment, Supreme Court gave a curative instruction and then overruled the objection. Defendant did not thereafter request a further curative instruction or move for a mistrial. Under those

circumstances, defendant's contention with respect to the prosecutor's first comment is properly before us only insofar as his objection was overruled because " 'the curative instruction[] [would] be deemed to have corrected the error to the defendant's satisfaction' " (*People v Lane*, 106 AD3d 1478, 1480-1481, *lv denied* 21 NY3d 1043). Defendant did not object to the second comment, however, and thus that part of his contention is unpreserved for our review (*see People v Young*, 100 AD3d 1427, 1428, *lv denied* 20 NY3d 1105; *see also* CPL 470.05 [2]). In any event, we conclude that reversal is not required based upon those two instances of alleged misconduct (*see People v Sweeney*, 15 AD3d 917, 917, *lv denied* 4 NY3d 891; *see generally People v Galloway*, 54 NY2d 396, 401). Finally, the sentence is not unduly harsh or severe.

Entered: February 14, 2014　　　　　　　　　　　Frances E. Cafarell
　　　　　　　　　　　　　　　　　　　　　　　　　Clerk of the Court