# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1075
KA 13-00441
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RIAN T. SMITH, DEFENDANT-APPELLANT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

RIAN T. SMITH, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Angelo J. Morinello, A.J.), rendered November 29, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). We reject defendant's contention that his waiver of the right to appeal was invalid. Here, County Court's plea colloquy and defendant's execution of a written waiver of the right to appeal demonstrate that defendant's " 'waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767; *see People v Kemp*, 255 AD2d 397, 397). In addition, we conclude that defendant was "adequately apprised . . . that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Buske*, 87 AD3d 1354, 1354, *lv denied* 18 NY3d 882 [internal quotation marks omitted]). We further conclude that defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827; *People v Raynor*, 107 AD3d 1567, 1568, *lv denied* 22 NY3d 1090).

To the extent that defendant contends in his main brief that defense counsel was ineffective for failing to challenge the search warrant, we note that such contention "does not survive [his] plea or [his] valid waiver of the right to appeal because [he] failed to demonstrate that the plea bargaining process was infected by [the]

allegedly ineffective assistance or that [he] entered the plea because of [his] attorney['s] allegedly poor performance" (*People v Gleen*, 73 AD3d 1443, 1444, *lv denied* 15 NY3d 773 [internal quotation marks omitted]; *see People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912).  To the extent that defendant contends in his pro se supplemental brief that the plea bargaining process was infected by defense counsel's allegedly ineffective assistance, we further note that defendant's specific claims, i.e., that defense counsel failed to investigate and failed to make a suppression motion, are "not properly before us because [they] involve[] matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440" (*People v Monaghan*, 101 AD3d 1686, 1686, *lv denied* 23 NY3d 965; *see People v Johnson*, 81 AD3d 1428, 1428, *lv denied* 16 NY3d 896).

Finally, we reject defendant's contention that the court erred in denying his motion to withdraw his guilty plea without an evidentiary hearing.  " 'The decision to permit a defendant to withdraw a guilty plea rests in the sound discretion of the court' " (*People v Falaro*, 284 AD2d 972, 972; *see People v Burroughs*, 224 AD2d 1034, 1034, *lv denied* 88 NY2d 845), and where, as here, a defendant's motion to withdraw is "patently insufficient on its face," the court may summarily deny the motion (*People v Mitchell*, 21 NY3d 964, 967).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court