# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1226**
**KA 12-01612**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

EMARIO C. ALLEN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered August 28, 2012. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, attempted assault in the first degree, and robbery in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]), attempted assault in the first degree (§§ 110.00, 120.10 [1]), and two counts of robbery in the first degree (§ 160.15 [1], [2]). The conviction arises out of an incident during which defendant shot at one man and missed, and shortly thereafter shot and robbed that man's companion. Contrary to defendant's contention, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction of attempted assault in the first degree. Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict on that count is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Supreme Court properly refused to redact from defendant's tape recorded statement to the police the interrogating police officer's questions and comments (*see People v Voymas*, 39 AD3d 1182, 1184, *lv denied* 9 NY3d 852) and, in any event, "the . . . court's limiting instruction sufficed to avert any potential prejudice" (*People v Jackson*, 178 AD2d 438, 439). The court also properly denied defendant's *Batson* challenge to the prosecutor's peremptory strike of an African-American prospective juror. The prosecutor explained that

he exercised that strike based upon, inter alia, the prospective juror's acquaintance with a prosecution witness, and the court properly accepted that explanation as race-neutral and nonpretextual (*see People v Gant*, 291 AD2d 912, 912, *lv denied* 98 NY2d 675).  The record supports the court's determination, following a *Cardona* hearing (*see People v Cardona*, 41 NY2d 333), that a prosecution witness was not acting as an agent of the government when defendant made inculpatory statements to him while they were incarcerated (*see People v Young*, 100 AD3d 1427, 1427-1428, *lv denied* 20 NY3d 1105).

Defendant contends that the court erred in failing to give the limiting instruction required by CPL 310.20 (2) when it provided the jury with an annotated verdict sheet distinguishing the two counts of robbery in the first degree (*see People v McCloud*, 121 AD3d 1286, ___).  Contrary to defendant's further contention, the court's failure to give the required instruction does not constitute a mode of proceedings error "that may be reviewed on appeal as a matter of law even in the absence of a timely objection" (*People v Wheeler*, 257 AD2d 673, 674, *lv denied* 93 NY2d 930).  Inasmuch as defendant failed to make such an objection, the contention is not preserved for our review (*see* CPL 470.05 [2]; *McCloud*, 121 AD3d at ___), and we decline to exercise our power to review his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to defendant's further contention that the court failed to rule on the entirety of his pretrial motion to dismiss the indictment, the record establishes that the court denied the motion "in all respects" (*see People v Dixon*, 113 AD3d 1104, 1105, *lv denied* 23 NY3d 962; *cf. People v Spratley*, 96 AD3d 1420, 1421).  Finally, consecutive sentences were authorized for the separate offenses committed against each victim (*see People v Ramirez*, 89 NY2d 444, 451), and the sentence imposed is not unduly harsh or severe.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court