# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

174
KA 13-01196
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DERICK EVANS, ALSO KNOWN AS DERRICK EVANS,
DEFENDANT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County
(John J. Brunetti, A.J.), rendered February 21, 2013.  The judgment
convicted defendant, upon a jury verdict, of burglary in the second
degree, criminal mischief in the fourth degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him
upon a jury verdict of burglary in the second degree (Penal Law
§ 140.25 [2]), criminal mischief in the fourth degree (§ 145.00 [1]),
and petit larceny (§ 155.25).  We reject defendant's contention that
Supreme Court erred in refusing to suppress identification evidence on
the ground that the photo array was unduly suggestive.  The
photographs portray men with similar physical features.  "The fact
that defendant's photograph has a slightly lighter background than the
others does not support the conclusion that the identification
procedure was unduly suggestive" (*People v Burns*, 186 AD2d 1015, 1016,
*lv denied* 81 NY2d 837; *see People v Gray*, 186 AD2d 1058, 1058, *lv
denied* 81 NY2d 840).  For the first time on appeal, defendant also
contends that the photo array was unduly suggestive because the number
under his photograph was not from the same sequence of numbers under
the other photographs.  Defendant did not raise that contention in the
hearing court and, therefore, it is not preserved for our review (*see
People v Bakerx*, 114 AD3d 1244, 1247-1248, *lv denied* 22 NY3d 1196).
We decline to exercise our power to review that contention as a matter
of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant contends that trial counsel failed to conduct an
adequate pretrial investigation because he did not obtain a video
surveillance recording of the crime scene.  Defendant's contention

involves matters outside the record and, as such, is properly the subject of a CPL article 440 motion (*see generally People v Monaghan*, 101 AD3d 1686, 1686, *lv denied* 23 NY3d 965).  We recognize that defendant's CPL 330.30 motion to set aside the verdict, which is included in the record on appeal, raised this issue.  We conclude, however, that the record is not sufficiently developed to permit resolution of defendant's contention (*see People v Bahr*, 96 AD3d 1165, 1166, *lv denied* 19 NY3d 1024; *People v Green*, 92 AD3d 894, 896, *lv denied* 19 NY3d 961).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court