People v Owens (2021 NY Slip Op 00938)





People v Owens


2021 NY Slip Op 00938


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


124 KA 19-02215

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEONA OWENS, DEFENDANT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered June 28, 2019. The judgment convicted defendant after a nonjury trial of murder in the second degree and manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a nonjury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [4]). The case arose from defendant's role in the death of her two-year-old son. Defendant contends that the evidence is legally insufficient to support the conviction. As an initial matter, we reject the People's assertion that defendant failed to preserve that contention for our review. Defendant's renewal of her motion for a trial order of dismissal is sufficient to preserve her contention for our review because the renewal directly referenced her earlier motion, which was specifically directed at the alleged errors now raised on appeal (see People v Bacon, 161 AD3d 1533, 1534 [4th Dept 2018], lv denied 32 NY3d 935 [2018]). Nevertheless, we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational factfinder to find the elements of the crimes proved beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (see id.), we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends that she was denied effective assistance of counsel. Specifically, defendant contends that defense counsel failed to conduct a thorough interview with her and that such an interview would have led defense counsel to discover that her statements to the police were coerced by her codefendant's family. Inasmuch as defendant's contention is based on allegations that defense counsel failed to conduct a proper investigation, it is based on matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL article 440 (see People v Lane, 160 AD3d 1363, 1365 [4th Dept 2018]; People v Johnson, 81 AD3d 1428, 1428 [4th Dept 2011], lv denied 16 NY3d 896 [2011]). To the extent that we are able to review defendant's contention on the record before us, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
We reject defendant's further contention that Supreme Court erred in denying her request to consider criminally negligent homicide (Penal Law § 125.10) as a lesser included offense of murder in the second degree (§ 125.25 [4]). Criminally negligent homicide is not a lesser included offense of depraved indifference murder of a person less than 11 years old (see People v Stahli, 159 AD3d 1055, 1059 [3d Dept 2018], lv denied 31 NY3d 1088 [2018]; see generally People v Santiago, 101 AD3d 1715, 1716 [4th Dept 2012], lv denied 21 NY3d 946 [2013]).
Finally, the sentence is not unduly harsh or severe.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court