People v Rodriguez-Ricardo (2021 NY Slip Op 07448)





People v Rodriguez-ricardo


2021 NY Slip Op 07448


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1084 KA 17-01091

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL RODRIGUEZ-RICARDO, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 21, 2017. The judgment convicted defendant upon a plea of guilty of criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law
§ 215.51 [b] [v]), defendant contends that Supreme Court erred in issuing a no-contact order of protection on behalf of the victim, who indicated at sentencing that she wanted only a no-offensive-contact order of protection. We reject that contention. The sentencing court had authority "to issue an order of protection, and set the terms thereof, even in the absence of the victim's consent" (People v Richardson, 134 AD3d 1566, 1567 [4th Dept 2015], lv denied 27 NY3d 1074 [2016] [internal quotation marks omitted]; see People v Lilley, 81 AD3d 1448, 1448 [4th Dept 2011], lv denied 17 NY3d 860 [2011]). Under the circumstances of this case, including the nature of the underlying crime, the court did not err in issuing the no-contact order of protection (see People v Walker, 151 AD3d 1730, 1731 [4th Dept 2017], lv denied 29 NY3d 1135 [2017], reconsideration denied 30 NY3d 984 [2017]).
Defendant further contends that the court erred in setting the expiration date of the order of protection by failing to take into account the time he served in jail prior to sentencing. As defendant correctly concedes, his contention is unpreserved for our review inasmuch as he did not object to the duration of the order of protection at sentencing (see People v Hoyt, 107 AD3d 1426, 1426 [4th Dept 2013], lv denied 21 NY3d 1042 [2013]), and we decline to exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court