People v Gamble (2024 NY Slip Op 03992)

People v Gamble

2024 NY Slip Op 03992

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, KEANE, AND HANNAH, JJ.

480 KA 22-01690

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES GAMBLE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

STEVEN A. FELDMAN, MANHASSET, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered November 8, 2021. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (two counts) and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). In appeal No. 2, defendant appeals from a judgment convicting him upon a jury verdict of tampering with a witness in the third degree (§ 215.11 [1]). Appeal Nos. 1 and 2 arise from separate indictments that were consolidated and tried together.
In both appeals, defendant contends that Supreme Court erred in permitting the People to elicit testimony from the victim regarding a prior uncharged bad act in which defendant allegedly pulled out a knife during a confrontation with the victim that occurred approximately one month prior to the incident underlying appeal No. 1. To the extent that defendant contends that the court erred in failing to issue limiting instructions with respect to that Molineux evidence, defendant's contention is not preserved for our review (see CPL 470.05 [2]; People v Hildreth, 199 AD3d 1366, 1368 [4th Dept 2021], lv denied 37 NY3d 1161 [2022]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We agree with defendant, however, that the testimony was improperly admitted as evidence of his motive to commit the instant offense. "[A]llegations of prior bad acts may not be admitted against [a defendant] for the sole purpose of establishing their propensity for criminality" (People v Weinstein, — NY3d &mdash, &mdash, 2024 NY Slip Op 02222, *1 [2024], citing People v Molineux, 168 NY 264 [1901]). "Molineux recognized exceptions by which evidence of other crimes could be used to prove the charged crime when such evidence tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan . . . ; [or] (5) the identity of the person charged with the commission of the crime on trial" (Weinstein, — NY3d at &mdash, 2024 NY Slip Op 02222, *5 [internal quotation marks omitted]). "In order to be admissible, Molineux evidence must be logically connected to some specific material issue in the case and be directly relevant to it" (id. [internal quotation marks omitted]; see People v Denson, 26 NY3d 179, 185 [2015]). "The prosecution has the burden of showing this direct relevance" (Weinstein, — NY3d at &mdash, 2024 NY Slip Op 02222, *5). "In reviewing a Molineux ruling, [an appellate court] [f]irst . . . evaluates whether the prosecution has identif[ied] some issue, other than mere criminal propensity, to which the evidence is relevant" (id. [internal quotation marks omitted]). "This is a question of law, not discretion and [appellate courts] review it de novo" (id. [internal quotation marks omitted]). "Second, if the evidence is relevant to an issue aside from propensity, the [appellate court] determines whether its probative value exceeds the potential for prejudice resulting to the defendant" (id. [internal quotation marks omitted]). "[T]he trial court's [*2]decision to admit the evidence may not be disturbed simply because a contrary determination could have been made or would have been reasonable. Rather, it must constitute an abuse of discretion as a matter of law" (id.).
Here, the Molineux ruling fails at step one. The People sought to admit the evidence, and the trial court did admit the evidence, pursuant to the motive exception to Molineux. We conclude, however, that evidence that defendant allegedly threatened the victim with a knife one month prior to the shooting does not tend to establish defendant's motive for the shooting. Rather, it was the content of the argument between defendant and the victim during the confrontation in which a knife was allegedly brandished that provided an explanation for defendant's motive—i.e., that defendant and the victim had argued about the victim's relationship with defendant's ex-girlfriend—and testimony describing the content of the argument could have been elicited without reference to defendant's display of the knife (see People v Leonard, 29 NY3d 1, 7-8 [2017]; see generally Weinstein, — NY3d at &mdash, 2024 NY Slip Op 02222, *5-6).
Further, even if the testimony regarding defendant's display of the knife is relevant to defendant's motive for the shooting, the court abused its discretion in determining that the probative value of the evidence outweighed its potential for prejudice. Evidence that defendant had previously pulled a knife on the victim during an argument one month earlier "was highly prejudicial, as it showed that defendant had allegedly engaged in [similar] behavior on a prior occasion with the same victim—classic propensity evidence" (Leonard, 29 NY3d at 8). As noted above, evidence of the content of their argument on the date of the shooting could have established the same motive without eliciting evidence of a propensity towards violence. Thus, the proffered Molineux evidence was "of slight value when compared to the possible prejudice to [defendant]" (People v Arafet, 13 NY3d 460, 465 [2009] [internal quotation marks omitted]).
Nevertheless, the error is harmless inasmuch as there is overwhelming evidence of defendant's guilt and there is no "significant probability" that the jury would have acquitted defendant but for the error (People v Crimmins, 36 NY2d 230, 242 [1975]; see People v Jones, 208 AD3d 1632, 1632-1633 [4th Dept 2022], lv denied 39 NY3d 986 [2022]; see generally People v Telfair, 41 NY3d 107, 110 [2023]).
We reject defendant's contention that he was denied effective assistance of counsel. Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant failed to preserve for our review his contentions with respect to the testimony of a law enforcement witness's prior dealings with defendant (see People v Jones, 224 AD3d 1348, 1351 [4th Dept 2024]; People v Dragani, 204 AD3d 690, 690 [2d Dept 2022], lv denied 38 NY3d 1070 [2022]), the testimony of the victim regarding having been wrongfully convicted (see generally People v Miller, 96 AD3d 1451, 1452 [4th Dept 2012], lv denied 19 NY3d 999 [2012]), and the court's failure to issue a limiting instruction pursuant to CPL 310.20 (2) (see People v Allen, 122 AD3d 1423, 1424 [4th Dept 2014], lv denied 25 NY3d 987 [2015], reconsideration denied 25 NY3d 1197 [2015]; People v McCloud, 121 AD3d 1286, 1290 [3d Dept 2014], lv denied 25 NY3d 1167 [2015]). Defendant also failed to preserve for our review his contention that the court penalized him for exercising his right to trial (see People v Cotton, 184 AD3d 1145, 1149 [4th Dept 2020], lv denied 35 NY3d 1112 [2020]), and his challenges to the order of protection (see People v Rodriguez-Ricardo, 200 AD3d 1734, 1735 [4th Dept 2021], lv denied 38 NY3d 953 [2022]; People v Castillo, 151 AD3d 1802, 1804 [4th Dept 2017], lv denied 30 NY3d 978 [2017]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, defendant's sentence is not unduly harsh or severe.
All concur except Keane, J., who concurs in the result in the following memorandum: I concur with the majority's determination to affirm in both appeals but write separately because I respectfully disagree with the majority's conclusion that, under the Molineux rule (People v Molineux, 168 NY 264 [1901]), Supreme Court erred in allowing the People to introduce evidence of a prior uncharged bad act.
The majority concludes that the court's Molineux ruling fails at step one of the analysis because evidence that defendant had allegedly threatened the victim with a knife one month prior to the shooting does not tend to establish defendant's motive for the shooting, but rather, the motive could be established by the content of the argument between defendant and the victim during that prior confrontation. In my view, however, the evidence of the prior confrontation with the knife is relevant to defendant's motive, as well as to complete the narrative of the incident.
Under the well-settled Molineux rule, "[e]vidence of a defendant's prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant's criminal propensity" (People v Dorm, 12 NY3d 16, 19 [2009]), including when evidence is relevant to establish a defendant's motive or intent (see id.). Where there is a proper nonpropensity purpose for the evidence at issue, "it is not to be excluded merely because it shows that the defendant had committed other crimes" (People v Cass, 18 NY3d 553, 560 [2012]). Rather, its admissibility "rests upon the trial court's discretionary balancing of probative value and unfair prejudice" (Dorm, 12 NY3d at 19). "[U]nder [the Court of Appeals'] Molineux jurisprudence, [courts] begin with the premise that uncharged crimes are inadmissible and, from there, carve out exceptions" (People v Resek, 3 NY3d 385, 390 [2004]). The rule of exclusion, however, "is not an absolute . . . [and] gives way when evidence of prior crime is probative of the crime now charged" (People v Ventimiglia, 52 NY2d 350, 359 [1981]; see People v Allweiss, 48 NY2d 40, 46-47 [1979]).
Unlike the majority of Molineux evidence admitted in People v Weinstein (— NY3d &mdash, 2024 NY Slip Op 02222 [2024]), in the instant case, the charged crimes and the prior uncharged bad act in which defendant pulled a knife involved the same victim. Further, the prior incident occurred close in time to defendant's shooting of the victim, and the prior incident constitutes evidence demonstrating motive, intent, and even the absence of mistake or accident. I therefore conclude that the prosecution identified some issue other than mere criminal propensity to which this evidence is relevant. The evidence of defendant's willingness to resort to the use of deadly force during the prior argument between defendant and the victim helps to complete the narrative about their relationship and serves to undermine any claim of mistake or lack of intent. Further, this was not an unrelated prior bad act, such as defendant shooting another person or fighting with another person. Thus, I conclude that these facts meet the threshold set forth in step one of the Molineux rule - that prior incident serves to complete the narrative.
If the evidence is relevant to an issue other than propensity, the court must weigh the testimony to determine whether the probative value exceeds the potential for prejudice. "At this step, the trial court's decision to admit the evidence may not be disturbed simply because a contrary determination could have been made or would have been reasonable. Rather it must constitute an abuse of discretion as a matter of law" (Weinstein, — NY3d at &mdash, 2024 NY Slip Op 02222, *5 [internal quotation marks omitted]). I further find that the court
did not abuse its discretion in allowing the prosecution to introduce that evidence of a prior uncharged bad act.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court